UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff, § | | |
| v. § | | CIVIL ACTION NO. 4:21-___ |
| § | | |
| $31,050.00 U.S. Currency, § | | |
| Defendant. § | | |

VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this action for forfeiture *in rem* against $31,050. The Defendant, $31,050, will be referred to as the "Defendant Property." The United States alleges on information and belief as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The Defendant Property is located in the Southern District of Texas and is within the jurisdiction of this Court.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b), and 1395(a) and (b).

THE DEFENDANT PROPERTY SUBJECT TO FORFEITURE

3. The Defendant Property is described as follows:

$31,050.00 U.S. Currency.

STATUTORY BASIS FOR FORFEITURE

4. This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. § 841(a), which states that it is unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled

1

substance; or to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

5. The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all monies used or intended to be used to facilitate any violation of the Controlled Substances Act.

## BACKGROUND OF THE CASE

6. U.S. Mail is often used by narcotics traffickers to transport controlled substances, as well as U.S. currency derived from the distribution of controlled substances, either as payments or proceeds. Traffickers know that U.S. Mail, especially Express and Priority Mail, is considered first class mail and is protected against inspection without a federal search warrant. Therefore, drug traffickers perceive Express and Priority Mail as having a minimal chance of detection. Additionally, traffickers know that by using Priority Mail, they can track the parcels, control dispatch times and locations, and, most importantly, have a guarantee of delivery in one or two business days. Traffickers also know that with Priority Mail, any delay in delivery could be an indication that the mailing may have been compromised by law enforcement.

7. In an effort to combat the flow of controlled substances through the overnight delivery services, interdiction programs have been established in certain cities throughout the United States by the United States Postal Inspection Service (USPIS). These cities have been identified as known sources of controlled substances. Parcels containing controlled substances and/or funds derived from the sale of controlled substances can have the following characteristics: heavily taped, handwritten, addressed from person to person, exchanged between known narcotics

source/destination areas, and the zip code from where the package is mailed is different from the return address zip code.

## FACTS OF THE CASE

8. On December 8, 2020, Postal Inspector Kyle Reyes identified Priority Express Mail parcel (the "Subject Parcel") with tracking number EJ489038045US as suspicious. The Subject Parcel was addressed to Rodney Crawford at a Houston, Texas address from Charles Hudson at a Vero Beach, Florida address. Prior investigations conducted by Postal Inspectors have identified Vero Beach, Florida as both a destination and source city for controlled substances and the proceeds from the sale of controlled substances. Likewise, Houston, Texas has been designated as a source city for controlled substances and money furnished or intended to be furnished towards the purchase of controlled substances. The Subject Parcel's appearance was similar to that of other parcels previously seized containing drug proceeds. It was handwritten, addressed from person to person, and exchanged between two known narcotics source/destination cities. The package was also heavily taped and the zip code from where it was mailed was different than the zip code used in the return address.

9. On December 8, 2020, Inspector Reyes queried commercially available law enforcement database and public records to determine the validity of the return address and the name associated with the address. The return address was valid, and the name associated with the address was Charles Hudson.

10. On December 8, 2020, Inspector Reyes reviewed Postal Service databases and public records to determine the validity of the recipient address. The recipient address was valid, and the name associated with the address was Rodney Crawford.

11. On December 8, 2020, Inspector Reyes obtained the assistance of Officer Richard Corrales, a Canine Officer with the Houston Police Department and certified handler of K9 Gero. Gero examined four boxes which had been placed on the floor in an area known not to be contaminated with the odor of controlled substances. Three of the four boxes were dummy boxes (empty boxes) and the fourth one was the Subject Parcel. Gero conducted an exterior examination of all four packages. Officer Corrales informed Inspector Reyes that Gero gave a positive alert to the presence of a controlled substance scent coming from within the Subject Parcel.

12. On December 9, 2020, pursuant to a federal search warrant, the Subject Parcel was opened. Inside the parcel was a white t-shirt covering a black Sunglass Hut bag. Inside the Sunglass Hut bag was visible U.S currency bundled in rubber bands. Seven bundles of U.S. currency were removed from the Sunglass Hut bag.

13. The rubber bands were removed, and all of the money was counted twice, documented, and admitted into evidence per Inspection Service policy. Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds and try to avoid bank reporting requirements. Legitimate business or personal gifts of cash or monetary instruments often contain notes, letters, receipts, cards, or coupons. No personal correspondence or receipt was found within the Subject Parcel or its packaging. The amount seized totaled $31,050.

14. On January 5, 2021, Inspector Reyes identified another Priority Express Mail parcel (the "January Parcel") with the same name and address for both the sender and recipient as the Subject Parcel. The January Parcel shared the same characteristics as the Subject Parcel and other parcels previously seized containing drug proceeds. Inspector Reyes again obtained the assistance

4

of Officer Corrales and K9 Gero. Gero alerted to the January Parcel indicating the presence of a controlled substance scent coming from within the January Parcel.

15. On January 6, 2021, pursuant to a federal search warrant, the January Parcel was opened. Inspector Reyes found, among other packaging and wrappings, $20,700 in mixed amounts of U.S. currency. Neither Charles Hudson nor Rodney Crawford filed a claim for the January Parcel, and the deadline for filing a claim on the January Parcel passed. The $20,700 of U.S. currency is currently being administratively forfeited.

## CONCLUSION

16. Based on the foregoing facts, the United States believes that the property seized constitutes or is derived from proceeds traceable to drug trafficking and is subject to forfeiture under 21 U.S.C. § 881(a)(6).

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the Defendant Property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, either electronically or at the United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. A copy must be served upon the

undersigned Assistant United States Attorney either electronically or at the address provided in this Complaint.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on the property owner and on any other persons who reasonably appear to be potential claimants. The United States seeks a final judgment forfeiting the Defendant Property to the United States and any other relief to which the United States may be entitled.

Respectfully submitted,

Jennifer B. Lowery
Acting United States Attorney

By: */s/ John Noh*_____
John Noh
Assistant United States Attorney
Texas Bar No. 24105882
SDTX Admission No. 3257226
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Phone: (713) 567-9000
John.Noh@usdoj.gov

VERIFICATION

I, Kyle Reyes, a Postal Inspector employed by the United States Postal Inspection Service, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture *In Rem* and Notice to Potential Claimants, and that the facts stated in paragraphs 6-15 are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the   21   day of May, 2021.

_____
Kyle Reyes, Postal Inspector
U.S. Postal Inspection Service